UNITED STATES of America,
Plaintiff–Appellee,

v.

Roberta Wanda ORTIZ, Defendant–
Appellant.

No. 05–50292
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Javier F. Riojas, Texas Rural Legal Aid Inc., Eagle Pass, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

 Roberta Wanda Ortiz appeals her guilty plea conviction and sentence for conspiracy to possess with intent to distribute marijuana and for the underlying possession offense. Ortiz contends that her sen-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tence violated the Sixth Amendment under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was not based on facts admitted by her or found by a jury beyond a reasonable doubt. *Booker* solved the Sixth Amendment problem of judicial factfinding by making the Guidelines advisory. *See United States v. Johnson*, 445 F.3d 793, 797 (5th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 2884, 165 L.Ed.2d 908 (2006). This argument lacks merit.

■ Alternatively, Ortiz contends that the Government did not prove the drug quantity by a preponderance of the evidence because the estimation of drug quantity in the presentence report was based on speculation and lacked an adequate evidentiary basis. The district court did not clearly err by extrapolating the relevant drug quantity from payments Ortiz admitted receiving for prior smuggling trips. *See United States v. Cabrera*, 288 F.3d 163, 172 (5th Cir.2002).

■ Ortiz argues that her sentence was unreasonable. The district court properly calculated the guideline range, and Ortiz "has failed to demonstrate that [her] properly calculated Guidelines sentence, which was at the lowest end of the range, was unreasonable." *See United States v. Alonzo*, 435 F.3d 551, 554–55 (5th Cir.2006).

The judgment of the district court is AFFIRMED.